

**FILED**
OCT - 9 2007
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SANCOM, INC., a South Dakota Corporation, | * * * | Civ. 07-4147 |
| Plaintiff, | * * | |
| vs. | * | **COMPLAINT** |
| QWEST COMMUNICATIONS CORPORATION, a Delaware corporation, | * * * * | |
| Defendants. | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, Sancom, Inc., by and through its counsel, and for its Complaint against the Defendant, states and alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendant to recover on an account for failure of Defendant to pay to Plaintiff the amounts required by federal and state tariffs to be paid for the provisioning of originating and terminating telephone access services.

### THE PARTIES

2. Plaintiff, Sancom, Inc., is a corporation organized and existing under the laws of South Dakota, with its principal place of business in Mitchell, South Dakota.

3. Upon information and belief, Defendant, Qwest Communications Corporation, is a corporation organized and existing under the laws of the State of Delaware.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332. There is diversity jurisdiction because the Plaintiff is a corporation organized and existing under the laws of the State of South Dakota and the defendant is a corporation that is incorporated and has its principal places of business in a state other than South Dakota. More than $75,000.00 is at issue, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) (2) and (3).

## FACTUAL ALLEGATIONS

6. The Plaintiff is a competitive local exchange carrier ("CLEC") which provides telephone and other services through wires to the homes and businesses of its customers. Plaintiff also provides originating and terminating access services to long distance companies, which allow the long distance companies to transmit long distance calls even though they do not own or lease the telephone lines that connect to the users' telephones.

7. Defendant is an inter-exchange (i.e., long distance) carrier who provides long distance service.

8. Defendant utilized the originating and terminating services provided by Plaintiff.

9. Since March 1, 2007, Plaintiff billed Defendant on a monthly basis, for use of its service in accordance with the applicable rates set forth in its tariffs filed with the Federal Communications Commission ("FCC") and the South Dakota Public Utilities Commission ("Commission"). Attached hereto as **Exhibit 1** are the monthly invoices showing a balance due as of October 1, 2007 in the sum of **$108,320.04.**

10. Defendant has failed and refused and continues to fail and refuse, to pay the invoices although demand for said payments has been made by Plaintiff. As a result of such failure, Defendant is indebted to Plaintiff in the sum of **$108,320.04.**

## COUNT 1
## BREACH OF CONTRACT

11. Plaintiff re-alleges paragraphs 1 through 10 above and incorporates them as if set forth fully herein.

12. Pursuant to state and federal regulations, the Plaintiff has filed tariffs with both the Commission and the FCC, which tariffs have the force and effect of law, the terms of which constitute valid and binding contracts.

13. Plaintiff has invoiced Defendant pursuant to rates as set forth in their respective federal and state tariffs as outlined above.

14. Defendant failed and refused to pay those amounts invoiced to it by the Plaintiff, thus constituting a breach of the applicable tariffs and therefore a breach of contract.

## COUNT II
## BREACH OF IMPLIED CONTRACT RESULTING FROM
## VIOLATION OF TARIFFS

15. Plaintiff re-alleges paragraphs 1 through 10 above and incorporates them as if set forth fully herein.

16. The Plaintiff has validly filed tariffs with both the FCC and the Commission in accordance with the Federal Communications Act and applicable South Dakota law.

17. Plaintiff has supplied services and submitted invoices to Defendant pursuant to its filed tariffs for services provided, which constitutes an implied contract.

18. Defendant has failed and refused and continues to fail and refuse to pay the invoices. Defendant's actions constitute a material uncured breach of the tariff and of the implied contract among the parties resulting from the filed tariffs.

## COUNT III
## UNJUST ENRICHMENT

19. Plaintiff re-alleges Paragraphs 1 through 10 above and incorporates them as if set forth fully herein.

20. Plaintiff originated and terminated long distance calls for Defendant. This conferred a benefit upon Defendant because Defendant was able to collect from its customers for providing long distance service. Defendant has not paid Plaintiff for providing such services.

21. It would be inequitable for Defendant to retain the benefit of the services provided by Plaintiff without properly compensating Plaintiff for the value of the services provided.

22. Pursuant to the equitable doctrines of quantum meruit and unjust enrichment, Plaintiff is entitled to payment from Defendant for the amount of the invoices.

WHEREFORE, Plaintiff request judgment against Defendant as follows:

1. For the sum of **$108,320.04** and any unpaid amounts to date of trial.
2. For pre-judgment interest, post-judgment interest, and the costs of this action.
3. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by jury.

Dated at Woonsocket, South Dakota, this \_\_\_4th\_\_\_ day of October, 2007.

LARSON AND NIPE

Jeffrey D. Larson
Attorneys for Plaintiff
P.O. Box 277
Woonsocket, SD 57385-0277
(605) 796-4245
jdlarson@santel.net