UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SANCOM, INC., a South Dakota corporation, | ) ) ) | CIV. 07-4147-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| QWEST COMMUNICATIONS CORPORATION, a Delaware corporation, | ) ) ) ) | ORDER |
| Defendant and Counterclaimant, | ) ) ) | |
| vs. | ) ) | |
| SANCOM, INC., a South Dakota corporation; and FREE CONFERENCING CORPORATION, a Nevada corporation, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

Plaintiff, Sancom, Inc. (Sancom), and counterclaim defendant, Free

Conferencing Corporation (Free Conference)[1], move to strike Qwest's Statement

of Facts in Support of Responses in Opposition to Motions for Summary

Judgment (Qwest's Statement of Facts), filed by defendant, Qwest

_____

[1] Counterclaim defendant is named as "Free Conferencing Corporation"
in the caption, but Qwest refers to counterclaim defendant as "Free
Conference" throughout Qwest's Statement of Facts.  To maintain consistency
with the filing in question, the court will refer to counterclaim defendant as
"Free Conference."

Communications Corporation (Qwest).  See Qwest's Statement of Facts, Docket 165.  In the alternative, Sancom and Free Conference move the court to strike Qwest's Statement of Facts and order Qwest to comply with Rule 56.1(A) of the Local Rules of Practice for the United Stated District Court for the District of South Dakota and Rule 56(e)(2) of the Federal Rules of Civil Procedure.[2]  Qwest opposes the motion.

## BACKGROUND

Sancom and Free Conference move for summary judgment on several of Sancom's claims against Qwest and on several of Qwest's counterclaims against Sancom and Free Conference.  Docket 144, amended at Docket 204.  In support of their motion, Sancom and Free Conference filed a memorandum of law (Docket 145), a statement of material facts as to which no genuine dispute exists (Docket 147), and a notice of supplemental authority (Docket 154).  In response, Qwest filed a 50-page opposition to Sancom and Free Conference's motion for summary judgment (Docket 163), a 32-page statement of facts responding to Sancom and Free Conference's statement of facts (Docket 166), Qwest's Statement of Facts (the 82-page document at issue here), and a declaration by counsel for Qwest with 107 exhibits attached (Docket 167).  Then Sancom and Free Conference filed a reply brief and a reply statement of

---

[2] To avoid confusion, the court will refer to Rule 56.1(A) of the Local Rules of Practice for the United States District Court for the District of South Dakota as "Local Rule 56.1" and Rule 56(e)(2) of the Federal Rules of Civil Procedure as "Fed. R. Civ. P. 56(e)(2)."

facts (Dockets 182 and 183), Qwest filed a surreply (Docket 189), Sancom and Free Conference filed a reply to Qwest's surreply (Docket 196), Qwest filed a notice of supplemental authority (Docket 197), and Sancom and Free Conference filed a response to Qwest's notice of supplemental authority (Docket 199).

Sancom and Free Conference move to strike Qwest's Statement of Facts on the grounds that this filing violates Local Rule 56.1's requirement that a statement of facts be short, concise, and material; it contains improper legal argument; and it is not properly supported as required by Fed. R. Civ. P. 56(e)(2). The court considers Sancom and Free Conference's first two arguments together.

**FORMAT AND CONTENT REQUIREMENTS OF LOCAL RULE 56.1**

The local rules include format and content requirements for a statement of material facts filed in conjunction with a summary judgment motion. With respect to format, Local Rule 56.1(A) provides that "[a]ll motions for summary judgment shall be accompanied by a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." D.S.D. CIV. LR 56.1(A). Further, "[e]ach material fact shall be presented in a separate numbered statement with an appropriate citation to the record in the case." Id. Local Rule 56.1(B) requires the party opposing a motion for summary judgment to "identify any material facts as to which it is contended that there exists a genuine material issue to be tried." D.S.D. CIV.

LR 56.1(B).  The purpose of local rules like Local Rule 56.1(A) and (B) "is to distill to a manageable volume the matters that must be reviewed by a court undertaking to decide whether a genuine issue of fact exists for trial. [They are] designed 'to prevent a district court from engaging in the proverbial search for a needle in the haystack.' " <u>Jones v. United Parcel Serv., Inc.</u>, 461 F.3d 982, 990 (8th Cir. 2006) (discussing W.D. Mo. L.R. 56.1(a)) (quoting <u>Northwest Bank & Trust Co. v. First Ill. Nat'l Bank</u>, 354 F.3d 721, 725 (8th Cir. 2003)).  "[T]he application of local rules is a matter peculiarly within the district court's province." <u>Yannacopoulos v. General Dynamics Corp.</u>, 75 F.3d 1298, 1305 (8th Cir. 1996) (internal quotations and citation omitted).  The court is vested with a large measure of discretion in applying local rules.  <u>Silberstein v. IRS</u>, 16 F.3d 858, 860 (8th Cir. 1994).

Local Rule 56.1(A) requires that the moving party's statement of material facts be a short, concise statement of the material facts and that each material fact be presented in a separate numbered statement with an appropriate citation to the record.  With respect to the nonmoving party's identification of any material facts as to which the nonmoving party contends that there exists a genuine material issue to be tried, however, Local Rule 56.1(B) does not explicitly state any form or content requirements.  The court interprets the local rules as applying the requirements stated in Local Rule 56.1(A) to a separate statement of material facts filed by the nonmoving party.  <u>See</u> <u>id.</u> (noting that district court has large measure of discretion in applying local

rules).  Thus, if the nonmoving party chooses to file a separate statement of material facts, the statement must be short and concise, and each material fact must be presented in a separate numbered statement with an appropriate citation to the record.  The court's interpretation helps identify and clarify the factual matters in dispute, thereby furthering the purpose of Local Rules 56.1(A) and (B).  See Jones, 461 F.3d at 990 (explaining that the purpose of local rules is to distill to a manageable volume the matters that must be reviewed by a court on summary judgment).

With respect to content, Local Rule 56.1 allows for statements of fact, not argument.  The purpose of Local Rule 56.1 statements of fact is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments.  Consequently, a party may not use its statement of facts to circumvent the 25-page limitation[3] on legal briefs.  Statements that are argumentative, rather than factual, may be stricken from the filing.  See Northwest Bank & Trust Co., 354 F.3d at 725 ("The district court found that Northwest's voluminous filings were replete with conclusory allegations and legal argument, obfuscating any concise and specific statements of material fact that were contained within their pages. . . . In fact, although not required to do so by the Local Rules, the district court exercised some lenity in considering those specific facts referenced by Northwest in its brief.").

_____

[3] In this case, Qwest was granted permission to file an over length brief of up to 50 pages.  Docket 158.

5

When a party fails to comply with the local rules, the district court has discretion to allow the party a chance to correct its failings.  Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of the Mississippi in Iowa, No. C05-0168, 2009 WL 1298291, at *2-*3 (N.D. Iowa May 8, 2009).  But district courts are not required to give an offending party this opportunity.  Jones, 461 F.3d at 990 ("The district court is not required to study laboriously a 480-page pleading and the record materials cited therein to determine that it is non-compliant with the rules, and then afford the party another opportunity to file a pleading that complies.").

Here, Qwest's 82-page, 195-paragraph Statement of Facts is divided into ten sections.  The court will discuss each section individually.  For the reasons outlined in detail below, the court finds that a large portion of Qwest's Statement of Facts violates Local Rule 56.1's format and content requirements.  With respect to format violations, the court will give Qwest an opportunity to correct its failings and resubmit its statement of facts.  With respect to content violations, the court strikes paragraphs containing legal and factual arguments, but to the extent Qwest believes these paragraphs contain statements of material fact, the court will allow Qwest to state the material facts in separately numbered statements in its resubmitted statement of material facts.

# I.    Traffic Pumping and How it Works

In Section I (paragraphs 1-6), Qwest sets out and explains its allegation that Sancom and Free Conference are engaged in a "traffic pumping" scheme. The court finds that Section I consists primarily of legal and factual arguments, as well as immaterial information about Qwest's allegations against other local exchange companies in other cases before other courts, rather than simple statements of fact. Thus, paragraphs 1-6 are stricken. If Qwest believes that these paragraphs contain any material facts, Qwest may include these facts in separately numbered statements in its corrected statement of facts.

# II.    Facts Surrounding Farmers and Merchants' Manufacture of Evidence Before the Federal Communications Commission

In Section II (paragraphs 7-34), Qwest discusses the background, decision, and other facts about Qwest's case against Farmers and Merchants Telephone Company of Wayland, Iowa. Qwest asserts facts to show that the Federal Communications Commission (FCC)'s decision in favor of Farmers and Merchants was procured by fraud. See Qwest's Statement of Facts, ¶¶ 14-33 (discussing Qwest Communications Corp. v. Farmers and Merchants Mutual Telephone Company, 2007 WL 2872754, 22 F.C.C.R. 17973 (2007) (memorandum opinion and order)). The court finds that Section II does not state "material facts as to which it is contended that there exists a genuine material issue to be tried," as required by Local Rule 56.1(B). The court interprets Local Rule 56.1(B) as requiring the nonmoving party to state

material facts relating to the case before the court, not facts relating to a case involving different parties before a different tribunal. Qwest is free to attack the applicability, persuasiveness, and precedential value of the FCC's decision in Farmers and Merchants in its legal brief, but facts regarding that case are not properly included in a statement of facts in the present case.[4] Thus, paragraphs 7-34 of Qwest's Statement of Facts are stricken.

### III. Sancom is Involved in a Traffic Pumping Scheme with Free Conference and Was Engaged in a Traffic Pumping Scheme with Ocean Bay

In Section III (paragraphs 35-58), Qwest sets forth facts relating to Sancom's relationships with Free Conference and Ocean Bay Marketing (Ocean Bay). The court finds that many paragraphs in Section III violate the requirement in Local Rule 56.1 that "[e]ach material fact shall be presented in a separate numbered statement with an appropriate citation to the record in the case." Paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 57 all contain multiple sentences and multiple pieces of information. For example, paragraph 39 contains seven sentences

_____

[4] Section II is particularly immaterial after the FCC's second reconsideration order finding in favor of Qwest in the Farmers and Merchants case. See Qwest Commc'n Corp. v. Farmers and Merchants Mutual Tel. Co., No. EB-07-MD-001, 2009 WL 4073944 (FCC Nov. 25, 2009) (second order on reconsideration). Now it is Qwest that relies on the FCC's ruling in Farmers and Merchants. See Qwest's Notice of Supplemental Authority in Support of Opposition to Sancom and Free Conferencing Corporation Motions (Dkt. 144, 151, 154) for Summary Judgment and in Support of Qwest's Motion for Summary Judgment (Dkt. 140), Docket 203.

about the source of the contract between Sancom and Free Conference, Free Conference's representative in the contract negotiation, the "primary face" of Free Conference, Sancom's failure to request changes to Free Conference's form contract, and Sancom's agent's recollection of contract negotiations. Qwest's Statement of Facts at ¶ 39. Because paragraph 39 contains a number of different facts, albeit relating to a similar topic, Sancom will not be able to provide a concise, clear response to this paragraph. In order to properly respond to the facts stated in paragraph 39, Sancom will likely have to respond to each sentence individually. A response in this format will not be helpful to the court in determining whether a genuine issue of fact exists for trial. The court finds that the deficiencies in paragraph 39 are representative of the deficiencies in the remaining identified paragraphs in Section III. As a result, paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 57 in their current form are stricken, and Qwest will be given an opportunity to correct its failure to comply with Local Rule 56.1. Qwest shall state each individual, material fact in a separately numbered statement.

### IV. The Terms of Sancom's Access Tariffs

In Section IV (paragraphs 59-69), Qwest quotes several terms of Sancom's interstate access tariff and interprets the requirements set forth therein. The court finds that several paragraphs in this section violate the requirement that each material fact be set out in a separate paragraph and the

requirement that a statement of facts contain only statements of fact, rather than legal or factual argument. For example, in paragraph 60, Qwest sets out the tariff definition of "access minutes," and states, "[t]hus, for terminating switched access to apply, the calls must terminate to an 'End User' in Sancom's exchange. For originating switched access to apply, the calls must originate from an End User." Qwest's Statement of Facts at ¶ 60. While an excerpt of the interstate access tariff is appropriate for a statement of facts, the last two sentences of paragraph 60 summarizing the requirements of the quoted tariff provision constitutes Qwest's interpretation of the facts, which is a legal or factual argument. Thus, when redrafting its statement of facts, Qwest must limit the information in paragraph 60 (and other similar paragraphs) to the relevant tariff provision and reserve its interpretation of the tariff provision for its legal brief. The same analysis applies to paragraphs 61, 62, 63, 65, 66, and 67.

Paragraph 68 deserves special attention because it contains blatant argumentative language and multiple sentences and subparts, making a concise and coherent response from Sancom impossible. In paragraph 68, Qwest states, "[t]he two examples set forth below directly from language contained in Sancom's interstate tariff show Sancom could not have sold ISDN PRI to Free Conference via the local tariff." Id. at ¶ 68. Qwest quotes several provisions of Sancom's interstate access tariff and makes several other factual statements. The quoted sentence is improper legal and factual argument,

rather than a statement of material fact; this type of language is not appropriate for a statement of facts under Local Rule 56.1. Moreover, the multiple subparts, tariff provisions, and other facts contained in paragraph 68 violate the requirement that each material fact be set out in a separate paragraph.

Finally, paragraph 69 quotes the conclusion of Qwest's expert, Jeffrey D. Owens, that Sancom's interstate and intrastate switched access tariffs do not apply to the traffic at issue in this case. Paragraph 69 consists of factual and legal argument, which is not permissible in a statement of material facts.

For these reasons, paragraphs 60, 61, 62, 63, 65, 66, 67, 68, and 69 are stricken, but Qwest will be given an opportunity to remove the legal and factual arguments from these paragraphs and to state each material fact in a separately numbered paragraph.

**V.    The Terms of Sancom's Local Exchange Tariff**

In Section V (paragraphs 70-98), Qwest sets out the background and terms of Sancom's local exchange tariff. The court finds that many paragraphs of Section V violate Local Rule 56.1 because they contain legal and factual argument and fail to state each material fact in a separate paragraph. In particular, paragraphs 70, 71, 74, 76, 78, 79, 81, 82, 83, 84, 85, 86, 90, 91, 93, 94, and 96 contain multiple sentences and ideas within a single paragraph to which Sancom cannot clearly and concisely respond. The grouping of a series of facts relating to a common topic into one paragraph does not comply

11

with Local Rule 56.1. In addition, paragraphs 78, 84, 85, and 90 also include Qwest's summary of the tariff requirements, which as explained above, is an inappropriate legal or factual argument. Paragraph 90 even includes a dictionary definition of "separate," which is clearly a matter for Qwest to address in its legal brief, not in its statement of material facts. See Qwest's Statement of Facts at ¶ 90. Thus paragraphs 70, 71, 74, 76, 78, 79, 81, 82, 83, 84, 85, 86, 90, 91, 93, 94, and 96 are stricken. Qwest may resubmit these paragraphs after excluding legal and factual argument and stating each individual material fact in a separate paragraph.

Further, paragraphs 75, 87, 88, 89, 95, 96, 97, and 98 consist of quotes or summaries of Owens' opinions and reports. These paragraphs do not contain facts that were not previously covered in Qwest's Statement of Facts, but rather they cite Owens' summary and interpretation of the facts to draw a conclusion. As a result, the court finds that these paragraphs contain factual argument that is not allowed in a statement of facts under Local Rule 56.1, and strikes paragraphs 75, 87, 88, 89, 95, 96, 97, and 98 as written. If Qwest believes that any information contained in the cited portions of Owens' reports constitutes an undisputed material fact, Qwest may state this fact in a separately numbered statement when redrafting its statement of facts.[5] But Qwest may not include lengthy quotes from Owens' expert reports, and if it

---

[5] Qwest also shall avoid citing portions of Owens' reports that were stricken in the court's order dated January 4, 2010. See Order, Docket 211.

does, the court will not consider the material contained therein as an undisputed material fact.

### VI. Sancom's Own Board of Directors, Employees and Expert Witness Recognized Free Conference and Ocean Bay were Not "End Users" and Did Not Purchase Local Exchange Services

In Section VI (paragraphs 99-150), Qwest sets out various facts showing that Sancom did not view Free Conference and Ocean Bay as "end users." The court finds that most of Section VI suffers from the same infirmities as the stricken paragraphs in Section V. Specifically, paragraphs 100, 101, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 114, 115, 118, 119, 120, 122, 123, 124, 129, 130, 131, 133, 134, 135, 136, 137, 139, 140, 142, 143, and 149 contain multiple thoughts within each paragraph, in violation of Local Rule 56.1. These paragraphs are stricken, and Qwest shall resubmit its statement of facts with each individual fact in a separately numbered statement.

Also, paragraphs 109, 140, 148, and 149 contain legal and factual argument that is impermissible for inclusion in a Local Rule 56.1 statement of facts. For example, in paragraph 140, Qwest quotes a portion of the deposition of Sancom's expert, Paul J. Calabro, and states,

> This exchange shows that Free Conference cannot be an 'end user' under the interstate tariff. As stated above, 'end user' in Sancom's interstate tariff is defined as 'any customer of an interstate or foreign telecommunications service that is not a carrier . . . .' Similarly, customer is defined as an 'entity which subscribes to the services offered under this tariff, including both Interexchange Carriers (ICs) and End Users.' Thus, one can only be an end user

> if one purchases a service from the interstate tariff, and Mr.
> Calabro admits Free Conference did not purchase any such service
> from Sancom.

Qwest's Statement of Facts at ¶ 140 (internal citations and emphasis omitted).
The passage is argumentative and inappropriate for a Local Rule 56.1
statement of facts.  Paragraphs 109, 140, 148, and 149 are stricken.

Similarly, paragraphs 132, 142, 144, 145, 146, 147, and 150 quote or
summarize Owens' expert opinions in a manner that constitutes legal or factual
argument rather than a statement of material fact.  As a result, these
paragraphs are stricken.  If Qwest believes that any of these paragraphs
contain material facts, Qwest may include these facts in separately numbered
statements when refiling its statement of facts.

### VII.    Free Conference's Conduct and Practices

In Section VII (paragraphs 151-172), Qwest states facts relating to Free
Conference.  As with the other sections of Qwest's Statement of Facts, the
majority of the paragraphs in Section VII contain multiple ideas and sentences
that must be separated into separately numbered statements.  For this reason,
paragraphs 151, 152, 153, 154, 155, 156, 157, 158, 161, 162, 163, 165, and
171 are stricken as written.  Qwest may resubmit its statement of facts and
state each fact in a separately numbered statement.

In addition, paragraphs 159, 160, 167, 170, and 172 quote Owens'
reports and summarize and draw conclusions from the evidence, which is
impermissible under Local Rule 56.1.  Thus, paragraphs 159, 160, 167, 170,

14

and 172 are stricken, but Qwest may include any material facts it believes are contained within these paragraphs in its corrected statement of facts.

## VIII. Free Conference and Ocean Bay are Carriers, Not End Users

In Section VIII (paragraphs 173-178), Qwest asserts facts to support its argument that Free Conference and Ocean Bay are carriers, not end users. Paragraphs 175, 176, and 177 contain multiple facts within a single paragraph. These paragraphs are stricken, but Qwest may resubmit its statement of facts with each fact stated in a separately numbered statement.

In addition, several paragraphs in Section VIII contain improper legal argument. Paragraph 173 quotes a portion of Owens' rebuttal report discussing the FCC's decision in In re Request for Review by InterCall, Inc. of Decision of Universal Service Administrator, 2008 WL 2597359, 23 F.C.C.R. 10731 (2008), and paragraph 174 quotes the InterCall decision itself. As noted under Section II, a discussion of FCC opinions is not appropriate for a Local Rule 56.1 statement of facts. Paragraph 178 quotes Owens' statement that Sancom's allocation of 800 database query charges to Ocean Bay is "conclusive evidence" that Sancom did not consider Ocean Bay to be an end user customer. See Qwest's Statement of Facts at ¶ 178. The phrase "conclusive evidence" shows that paragraph 178 contains improper legal and factual argument. For these reasons, paragraphs 173, 174, and 178 are stricken, but

Qwest may state any material facts contained within these paragraphs in separately numbered statements in its corrected statement of facts.

### IX. Qwest's Responsive Facts to Sancom's Supplemental Authority

In Section IX (paragraphs 179-185), Qwest sets out the factual background of the FCC Wireline Competition Bureau's decision regarding a challenge to ICORE, Northwest Iowa Telephone Company's and Geneseo Communications, Inc.'s tariffs. Sancom brought the Wireline Competition Bureau's decision to the court's attention in its Notice of Supplemental Authority. See Notice of Supplemental Authority, Docket 154 (discussing Protested Tariff Transmittal, Action Taken, Report No. WCP/Pricing File No. 09-02 (July 1, 2009)). As the court noted with respect to Section II of Qwest's Statement of Facts, the facts relating to a case involving different parties before a different tribunal are not "material facts as to which it is contended that there exists a genuine material issue to be tried," as required by Local Rule 56.1(B). Qwest may challenge the applicability, persuasiveness, and precedential value of the Wireline Competition Bureau's decision in its legal brief, but the facts set out in Section IX are not properly included in a statement of facts in the present case. Thus, paragraphs 179-185 are stricken.

## X.    Facts Uniquely Material to Qwest's Counterclaims

In Section X (paragraphs 186-195), Qwest set out facts relating to its counterclaims.  Paragraphs 189, 190, and 191 contain multiple thoughts within a single paragraph, violating the requirement in Local Rule 56.1 that each material fact be presented in a separate statement.  Thus, paragraphs 189, 190, and 191 are stricken, and Qwest must state each fact in a separately numbered statement when refiling its statement of facts.

Further, the court finds that paragraphs 186 and 188 contain improper statements of law, legal argument, or factual argument and that paragraphs 187, 192, and 193 quote portions of Owens' reports that contain legal and factual argument, rather than simple statements of material fact.  Because paragraphs 186, 187, 188, 192, and 193 are not statements of material fact, they are stricken.  Qwest may state any material facts contained within these paragraphs in a separately numbered statement when refiling its statement of facts.

Overall, a large portion of Qwest's Statement of Facts violates the format and content requirements of Local Rules 56.1(A) and (B).  But the court will allow Qwest to resubmit its statement of facts in accordance with the local rules as interpreted in this opinion.  Qwest shall present each material fact in a separately numbered statement, shall avoid interpreting and drawing conclusions from the facts, and shall ensure that its statement of facts is concise and not redundant.  Because the court strikes substantial portions of

Qwest's Statement of Facts for failure to comply with the format and content requirements of Local Rules 56.1(A) and 56.1(B), it is unnecessary for the court to address Sancom and Free Conference's argument that many of the statements in Qwest's Statement of Facts are immaterial. When redrafting its statement of facts, Qwest must present only material facts (as opposed to immaterial facts or factual or legal argument), must do so in a short and concise statement, and must present each material fact in a separate numbered statement with an appropriate citation to the record. See D.S.D. CIV. LR 56.1(A)-(B).

## EVIDENTIARY SUPPORT UNDER FED. R. CIV. P. 56(E)

Sancom and Free Conference argue that Qwest's Statement of Facts does not have proper evidentiary support as required by Fed. R. Civ. P. 56(e). Documents submitted in support of or in opposition to a motion for summary judgment must be properly authenticated. Anderson v. Dillard's Inc., 109 F. Supp. 2d 1116, 1121 (E.D. Mo. 2000) (citing Fed. R. Civ. P. 56(e)). Indeed,

> [t]o be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.

DG & G, Inc. v. FlexSol Packaging Corp. of Pompano Beach, 576 F.3d 820, 825-26 (8th Cir. 2009) (quoting Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005)). Further, "[t]he affiant must be a person through whom the exhibits

could be admitted into evidence."  10A Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane, Federal Practice and Procedure § 2722 at 384 (3d ed. 1998).

For example, "a letter submitted for consideration under [Fed. R. Civ. P.] 56(e)

must be attached to an affidavit and authenticated by its author in the affidavit

or a deposition."  Id.  Documents that are not properly authenticated cannot be

considered by the court.  Stuart v. General Motors Corp., 217 F.3d 621, 636

n.20 (8th Cir. 2000) (citing Cummings v. Roberts, 628 F.2d 1065, 1068 (8th

Cir. 1980)).  The court has discretion, however, to allow the offending party to

supplement the summary judgment record and cure previously

unauthenticated materials.  DG & G, 576 F.3d at 826.  "[S]ubsequent

verification or reaffirmation of [an exhibit], either by affidavit or deposition,

allows the court to consider the unsworn [exhibit] on a motion for summary

judgment."  Id. (internal quotation and citation omitted).

   Here, Qwest filed the Declaration of Christopher W. Madsen in Support of

Qwest's Responses in Opposition to Sancom and Free Conferencing

Corporation Motion (Dkt. 144) for Summary Judgment and Supplemental

Motion (Dkt. 154) and to Motion to Amend and Proposed Amended Motion

(Dkt. 151) (Declaration of Christopher W. Madsen) in conjunction with Qwest's

Statement of Facts and other responses to Sancom and Free Conference's

motion for summary judgment.  In this declaration, Christopher W. Madsen,

counsel for Qwest, stated under oath that "[e]ach and every one of the attached

exhibits are true and correct copies of what the attached index describes them

to be." Docket 167 at ¶ 3. Qwest attached an exhibit list and 107 exhibits to

the Declaration of Christopher W. Madsen. See Dockets 167-2 through 167-

109.[6] In response to Sancom and Free Conference's motion to strike Qwest's

Statement of Facts, Qwest filed a second affidavit by counsel for Qwest entitled

"Declaration of Charles W. Steese in Support of Qwest's Response in

Opposition to Sancom Motion (Dkt. 180) to Strike Qwest's Statement of Facts

(Dkt. 165) Submitted under Seal Pursuant to Protective Order (Declaration of

Charles W. Steese)." Docket 192.

      Sancom and Free Conference did not file a motion to strike the

Declaration of Christopher W. Madsen or the attached exhibits. Rather, they

requested in their brief that

> if the Court does not simply strike Qwest's inherently flawed
> Separate SOF and order Qwest to file a separate statement that
> actually complies with D.S.D. CIV. LR 56.1, it should strike or
> otherwise refuse to consider the following unauthenticated
> Exhibits: 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40,
> 41, 43, 47, 48, 49, 51, 52, 56, 78, 83, 86, 88, 89, 90, 96, 97, 98,
> 99, 105, and 106, and the alleged statements of fact that
> improperly rely on those unauthenticated documents.

Sancom's Memorandum in Support of its Motion Strike Qwest's Separate

Statement of Facts in Support of Responses in Opposition to Sancom's Motion

for Summary Judgment (Dkt. 165), Docket 181 at 18-19. Because the court

---

[6] Notably, Sancom and Free Conference attached 17 exhibits directly to
their statement of material facts in support of their motion for summary
judgment without filing an affidavit or any other sworn statement
authenticating the documents. See Docket 147.

has already stricken a substantial portion of Qwest's Statement of Facts and ordered Qwest to resubmit its statement of facts in compliance with Local Rule 56.1 and this opinion, the court will not rule on the authenticity of Exhibits 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 43, 47, 48, 49, 51, 52, 56, 78, 83, 86, 88, 89, 90, 96, 97, 98, 99, 105, and 106 at this time. Without deciding whether these exhibits are properly authenticated, the court will accept the untimely Declaration of Charles W. Steese and allow Qwest to further supplement the summary judgment record to authenticate its exhibits, if necessary. When ruling on the pending summary judgment motion, the court will consider Sancom and Free Conference's objections to the authenticity of Qwest's exhibits and disregard any exhibits that are not properly authenticated.

Based on the foregoing, it is hereby

ORDERED that Sancom and Free Conference's motion to strike Qwest's Statement of Facts in Support of Responses in Opposition to Motions for Summary Judgment (Docket 180) is granted in part and denied in part as set forth herein.

IT IS FURTHER ORDERED that Qwest shall serve and file a revised statement of material facts as to which it is contended that there exists a genuine material issue to be tried consistent with this opinion on or before **February 1, 2010**. Sancom and Free Conference may file a response to Qwest's statement of material facts on or before **February 11, 2010**.

IT IS FURTHER ORDERED that Qwest shall serve any affidavits intended to authenticate its summary judgment exhibits on or before **February 1, 2010**.

Dated January 21, 2010.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE